Per Curiam.

Relator is presently confined in the Ohio Penitentiary under a sentence for life as a habitual criminal, as provided in Section 2961.12, Revised Code. This sentence was imposed by the Allen County Court of Common Pleas in July, 1960.
In his petition, relator alleges that in May 1963 he raised the issue that his sentence was of such a nature that it could not be put into operation. This argument was made in a hearing in the Franklin County Court of Common Pleas on what was apparently a motion to vacate his habitual criminal sentence under Section 2961.12, Revised Code, and to enter a sentence under Section 2961.11, Revised Code.
Relator bases his argument on that part of Section 2961.13, Revised Code, a part of the Habitual Criminal Act, which reads in part as follows:
“If the accused pleads guilty to such indictment, or if the jury finds him guilty, or if the court finds him guilty after waiver of a jury, the court shall sentence him to the punishment prescribed in Section 2961.11 or 2961.12 of the Revised Code, as the case may be, and shall vacate the previous sentence, if sentence has been imposed, deducting from the new sentence all time actually served by the defendant on the sentence so vacated.”
It is relator’s argument that a life sentence cannot be imposed because this section provides for deducting from the habitual criminal sentence the time served on the prior sentence, and time cannot be deducted from a life sentence inasmuch as there is no fixed maximum from which it can be deducted.
Basically, relator urges that the only sentence which may be imposed on a habitual criminal is that provided for in Section 2961.11, Revised Code, which stipulates that on the third felony conviction a habitual criminal indictment may be returned and the accused sentenced for the maximum penalty imposable under the third conviction.
The habitual criminal statute does not create a crime in and of itself but provides for an augmentation of the penalty *57 for the last offense. Maloney v. Maxwell, Warden, 174 Ohio St., 84.
The purpose of Section 2961.13, Revised Code, is to credit an accused with the time served under the original prior sentence so that time for eligibility for parole is determined from the date of the prior sentence and not the date an accused is found guilty under a habitual criminal indictment. This section has nothing to do with the actual penalty to be imposed.
The order-suggestion of the respondent apparently was made at a hearing in May. It appears that the court suggested that the Attorney General attempt to have the records of the Pardon and Parole Commission and the penitentiary show when the relator would become eligible for parole.
It is clear that here the trial court made no order. This is evidenced by the June 28 decision of the trial court in Franklin County, which reads in part as follows:
“Petitioner prays that a writ issue forthwith directing the named respondents, as prescribed by law, to comply with the order of this court decreed on May 31, 1963.
‘ ‘ The petitioner is wrong in his statement of fact, i. e.
“ ‘This court suggested that the assistant Attorney General confer with the parole board in regard to the contention of the petitioner specifically as to his sentence.’
‘ ‘ The facts in this case would not warrant the court granting the relief requested by petitioner. See 35 O. J. 2d, page 238, Mandamus.”
Relator’s petition shows no clear legal duty on the part of respondent, in fact, it shows no duty at all.

Motion to dismiss sustained and case dismissed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.